UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA, )
                                  Plaintiff, )   Case No. CR08-135-RAJ
      v. )
ROBERT JAMES PETERSON, )   DETENTION ORDER
                                  Defendant. )

Offenses charged:

    Count 1:    CONSPIRACY TO IMPORT MARIJUANA, in violation of 21 U.S.C. §§ 952(a) and 960(a)(1), 960(b)(2)(G) and 963

    Count 2:    CONSPIRACY TO DISTRIBUTE MARIJUANA, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846

    Count 3:    IMPORTATION OF MARIJUANA, in violation of 21 U.S.C. §§ 952(a), 960(2)(G) and 18 U.S.C. § 2

Date of Detention Hearing:    May 29, 2009

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds:

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

    (1)    Pursuant to 18 U.S.C. § 3142(e), there is a rebuttable presumption that

DETENTION ORDER                                                    15.13
18 U.S.C. § 3142(i)                                          Rev. 1/91
PAGE 1

defendant is a flight risk and a danger to the community based on the nature of the pending charges. Application of the presumption is appropriate in this case.

(2) Defendant is a Canadian citizen with no ties to this jurisdiction.

(3) The strength of evidence is the least important factor when considering detention, but evidence is strong. Defendant is charged with importation of over 450 pounds of marijuana.

(4) Canadian authorities identify defendant as a transporter for gang drug smuggling. There is evidence that suggests that he could have been doing the same thing when arrested. In addition, these connections provide strong incentive for non-appearance as required.

(5) There are no conditions or combination of conditions other than detention that will reasonably ensure the appearance of the defendant.

IT IS THEREFORE ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 29th day of May, 2009.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge